IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANNA C. MOORE
a minor child, by and through her
mother and natural guardian Pamela
Moore,

    Plaintiff,

      v.

M.D. RHONDA MEDOWS
in her official capacity as
Commissioner of the Department of
Community Health,

    Defendant.

CIVIL ACTION FILE
NO. 1:07-CV-631-TWT

## ORDER

This is an action for injunctive and declaratory relief in which the Plaintiff claims that the Defendant is violating her rights under the Medicaid Act. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 79] and the Plaintiff's Cross Motion for Partial Summary Judgment [Doc. 83]. For the reasons set forth below, the Defendant's Motion is DENIED and the Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

I. <u>Background</u>

The Plaintiff Anna C. Moore is a twelve year old Medicaid beneficiary living in her family's home in Danielsville, Georgia.  Due to a stroke she experienced in utero, the Plaintiff is severely disabled and suffers from a host of chronic conditions, including spastic quadriplegic cerebral palsy, refractory seizure disorder, mental retardation, gastroesphageal reflux disease, cortical blindness, dysphagia, bone cartilage disease, scoliosis, kyphosis, and restrictive lung disease.  (Compl. ¶ 8.) In summary, she "has severe physical disabilities including spinal deformities in two directions, she is blind and non-verbal, she has seizures that are difficult to control with multiple medications, she has difficulty swallowing even her own saliva, she has difficulties with breathing consistently, she is cognitively impaired, and she has a host of other physical manifestations and medical complications as a result of the damage in her brain." (<u>Id.</u>, ¶ 9.)  She requires around the clock monitoring, care and treatment.

Since 1998, when she was three years old, the Plaintiff has received Medicaid-funded nursing services from the Georgia's Department of Community Health ("the Department") and its predecessor agencies.  Under the Medicaid Act, a participating state is required to provide certain categories of care to eligible children, including early and periodic screening, diagnostic and treatment services ("EPSDT").  In

Georgia, a child who is enrolled as a member of the Georgia Pediatric Program[1] is eligible to receive private duty nursing services.[2]  While the Plaintiff has been enrolled in the Georgia Pediatric Program, the Department has approved her to receive private duty nursing services in her home.  On November 15, 2006, the Department notified the Plaintiff that her hours of approved skilled nursing services were being reduced from 94 to 84 hours per week effective December 7, 2006.  Through her mother, she immediately appealed this reduction, and a hearing was scheduled.  The day before the hearing, however, she withdrew her request and filed this section 1983 action, seeking declaratory and injunctive relief against the Department.  She claims that the Department's policies conflict with the EPSDT provisions in the Medicaid Act and violate the Constitution.  The Defendant now moves for summary judgment and the Plaintiff moves for partial summary judgment.

---

[1]This is a Georgia Medicaid program that provides continuous skilled nursing care to medically fragile children.

[2]Private duty nursing service is defined as "nursing services for recipients who require more individual and continuous care than is available from a visiting nurse or routinely provided by the nursing staff of the hospital or skilled nursing facility."  42 C.F.R. § 440.80.  These services are provided by a registered nurse or nurse practitioner under the direction of the recipient's physician at either the recipient's home, a hospital, or a skilled nursing facility.  Id.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

The Defendant claims that she is entitled to summary judgment because the state has discretion to limit the amount of treatment it must provide for a child covered under the Medicaid Act.  Congress intended the 1989 amendments to the Medicaid Act to broaden health care coverage for children.  See S.D. v. Hood, 391 F.3d 581, 589-90 (5th Cir. 2004) (discussing legislative history of the 1989 amendments).  The Act now mandates that states which participate in the Medicaid program provide "early and periodic screening, diagnostic, and treatment services"  as needed "to

correct or ameliorate defects and physical and mental illnesses."   42 U.S.C. § 1396d(r)(5).  Providing the necessary services for those under the age of 21 is not optional for a state; the appropriate care must be provided "whether or not such services are covered under the State plan." Id.  The Court of Appeals for the Eleventh Circuit has held that:  "The language of subsection (r)(5) appears to mandate coverage for all medically necessary treatment for eligible recipients under age twenty-one." Pittman v. Secretary, Florida Dept. of Health and Rehabilitative Services, 998 F.2d 887, 889 (11th Cir. 1993).  The state has no discretion to deny funding of medically necessary treatment. Id. at 892.  Private skilled nursing is an enumerated category of treatment under the Medicaid Act.  42 U.S.C. § 1396d(a)(8).  The State of Georgia administers skilled nursing for those under 21 under the guise of the Georgia Pediatric Program.

The Defendant does not dispute that the state must provide private skilled nursing for the Plaintiff but argues that she may limit the number of hours on her own accord.  In her original brief in support of her motion, the Defendant maintains that the federal Centers for Medicare and Medicaid Services ("CMS") approved the Georgia Pediatric Program.  (Def's. Mot. for Summ. J., at 9) ("GAPP was approved by CMS which means GAPP is in conformance with federal standards.").  Because the program was approved by CMS, the Defendant argues, the program's

requirements are entitled to deference usually afforded federal agencies because "CMS' review and determination definitively indicates whether it interprets a state plan or amendment to be in conformity with the statute." (Id.) (citing Hood, 391 F.3d at 596). Yet in her Reply Brief, the Defendant concedes that she "did not represent that CMS approved the actual [Georgia Pediatric Program] policy and procedure manual but rather that CMS approved the way in which the Department administers the [entire Medicaid] program." (Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 7).

Regardless of the level of deference with which to give a state's regulation of the Medicaid program, the Defendant cannot escape the clear statutory intent that the 1989 amendment adding § 1396d(r)(5) took away a state's discretion not to provide necessary treatment for individuals under the age of twenty-one. Pittman, 998 F.2d at 892; see also Hood, 391 F.3d at 593 ("[T]he federal Circuits that have analyzed the 1989 ESPDT [sic] amendment agree that . . . participating states must provided all services within the scope of § 1396d(a) which are necessary to correct or ameliorate defects, illnesses, and conditions in children discovered by the screening services"). Even if the state program's approval by CMS was afforded great deference, it would still be improper if the state's program limited necessary treatment for the Plaintiff. The only pertinent inquiry is the amount of nursing hours "necessary . . . to correct or

ameliorate" the Plaintiff's condition. 42 U.S.C. § 1396d(r)(5). The Plaintiff's treating physician prescribed 94 hours per week of skilled nursing care. (Moore Aff., Ex. A-1). The state must provide for the amount of skilled nursing care which the Plaintiff's treating physician deems necessary to correct or ameliorate her condition. The Defendant may not deny or reduce the hours of skilled nursing care that is medically necessary based upon cost or the lack of a secondary caregiver. Therefore, the Plaintiff is entitled to the declaratory and injunctive relief that she seeks with respect to the reduction in hours of skilled nursing care.

The Plaintiff has other complaints about the Defendant's administration of the GAPP program such as restrictions on the presence of a nurse with the Plaintiff during transportation to doctor's appointments. It is inappropriate for the Court to consider these issues because there was no specific request for relief stated in the Amended Complaint. To the extent that the Plaintiff's motion addresses these issues, it is denied.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 79] is DENIED, and the Plaintiff's Motion for Partial Summary Judgment [Doc. 83] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this 4 day of June, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge